IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYBRON DENTAL SPECIALTIES, INC., a Delaware corporation, and KERR CORPORATION, a Delaware corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' [47] MOTION TO DISMISS PLAINTIFF'S CONTRIBUTORY INFRINGEMENT CLAIMS UNDER RULE 12(b)(6)**<br><br>Case No. 2:12-cv-1062 DN-DBP<br><br>District Judge David Nuffer |

Defendants Sybron Dental Specialties, Inc. ("Sybron") and Kerr Corporation ("Kerr") (collectively "Defendants") moved to dismiss with prejudice any claims for contributory infringement[1] (the "Motion") set forth in plaintiff CAO Group, Inc.'s ("CAO") first amended complaint.[2] The matter has been fully briefed by the parties. For the reasons set forth herein, the Defendants' Motion is GRANTED IN PART and DENIED IN PART. Any claims for contributory infringement set forth in CAO's first amended complaint are DISMISSED WITHOUT PREJUDICE. CAO shall file a second amended complaint setting forth the requisite allegations to support any claims of contributory infringement on or before January 31, 2014 or those claims will be dismissed with prejudice.

---

[1] Docket no. 47, filed July 11, 2013.

[2] Docket no. 40, filed May 14, 2013.

## Background

CAO filed its complaint[3] against the Defendants on November 5, 2012 asserting direct and indirect patent infringement causes of action related to a number of CAO's patents (collectively the "Patents"). On May 14, 2013, after counsel for Defendants wrote a letter to counsel for CAO which objected to the form of and the lack of substance to the contributory infringement claims,[4] CAO filed its first amended complaint.[5] The first amended complaint's allegations related to contributory infringement include the following:

> 6. On information and belief, Defendant have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe CAO's [Patents].
>
> 27. Defendants Sybron and Kerr have contributed to the infringement of and continues [sic] to contributorily infringe at least claim 16 of the '559 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Products, including at least the Demi Plus.
>
> □ In addition, the Accused Products, including at least the Demi Plus, have no substantial use other than to be used by Defendants' customers as part of a dental curing system that infringes at least claim 16 of the '559 patent.[6]

Defendants contend that CAO's first amended complaint fails to resolve the deficiencies that existed in its original complaint associated with its contributory infringement allegations.

Specifically, Defendants argue that CAO confuses contributory infringement with direct infringement, noting that contributory infringement under 35 U.S.C. § 271(c) requires a showing that the accused infringer offers to sell, sells, or imports a "component" of a patented invention, as opposed to the entire patented invention. The Defendants contend that CAO's first amended

---

[3] Docket no. 2.

[4] April 15, 2013 letter from counsel for Defendant to counsel for CAO, docket no. 47-2, filed July 11, 2013.

[5] Docket no. 40.

[6] The allegations in ¶ 27 are essentially repeated verbatim in each cause of action related to the various Patents.

complaint fails to assert sufficient factual allegations that the Defendants have offered to sell, sold, or imported "components" of the devices covered by CAO's Patents.  Instead, Defendants argue that the first amended complaint's allegations only relate to the entire patented device, as opposed to individual components of a patented device.  They posit that though Form 18 may allow for conclusory allegations of direct infringement that would be otherwise insufficient under the requirements of *Bell Atlantic Corp. v. Twombly*[7] and *Ashcroft v. Iqbal*,[8] claims of indirect infringement do not enjoy the same reprieve.  Finally, Defendants argue that CAO's contributory infringement claims should be dismissed with prejudice.  They contend that CAO has already had an opportunity to make sufficient factual allegations to support its claims and that further amendment would be futile because contributory infringement is unsupported by the facts.

CAO, on the other hand, opposes the Defendants' Motion, arguing that its contributory infringement claims are plead in the alternative to its claims of direct infringement and that detailed factual allegations in the complaint related to contributory infringement would render Local Patent Rule 2.2(a) redundant.  CAO also attempts to justify its failure to plead sufficient factual allegations because of the Defendants' alleged failure to provide complete discovery responses.

### Rule 12(b)(6) Standard

Rule 12 of the Federal Rules of Civil Procedure allows a party to move to dismiss a plaintiff's claims for "failure to state a claim upon which relief can be granted."[9]  When evaluating a motion to dismiss, the court must "accept as true all well-pleaded factual allegations

---

[7] 550 U.S. 544 (2007).

[8] 556 U.S. 662 (2009).

[9] Fed. R. Civ. P. 12(b)(6).

in a complaint and view these allegations in the light most favorable to the plaintiff."[10] "Well-pleaded factual allegations" are those allegations that include "enough facts to state a claim to relief that is plausible on its face."[11] Conclusory allegations are not facts and a complaint that makes "naked assertions devoid of further factual enhancement" will not suffice under 12(b)(6).[12] The general pleading standards and "plausibility" requirements set forth in *Iqbal* and *Twombly* apply with equal force to claims for indirect infringement in patent cases, such as CAO's contributory infringement claims in this case.[13]

## Discussion

Under 35 U.S.C. § 271(c), a party may be liable for contributory infringement lies if it "offers to sell or sells within the United States or imports into the United States a component of a patented [invention]…, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use…" The Federal Circuit has held that to state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."[14]

CAO's first amended complaint fails to plead specific factual allegations related to contributory infringement sufficient to "raise a right to relief above the speculative level" such

---

[10] *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 1997).

[11] *Self v. Countrywide Home Loans, Inc.*, 2010 U.S. Dis. LEXIS 48976, *1 (D. Utah 2010) (applying *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[12] *Id.* at *2.

[13] *See Superior Indus. LLC v. Thir Global Enter. Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012).

[14] *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). (citations omitted).

that the contributory infringement allegations are plausible.[15]  It alleges that "Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe" CAO's Patents.[16]  It also alleges that "Defendants Sybron and Kerr have contributed to the infringement of and continues [sic] to contributorily infringe at least [certain claims of the various Patents] by developing, making, using, offering to sell, selling and/or importing … the Accused Products."[17]  Finally, the first amended complaint alleges that "the Accused Products … have no substantial use other than to be used by Defendants' customers as part of a dental curing system that infringes" certain claims of the various Patents.[18]

These sparse allegations purportedly form the basis of CAO's claims of contributory infringement.  However, these threadbare and conclusory allegations are insufficient to allow the court to "draw the reasonable inference that the [Defendants] [are] liable for the misconduct alleged."[19]  While pleading in the alternative under Rule 8(d)(2) is well-recognized and accepted, pleading alternative causes of action does not relieve CAO if its obligation to include sufficient factual matter in its complaint in order to comply with the pleading requirements of Rule 8(a)(2) and the "plausibility" standard set forth in *Iqbal* and *Twombly*.

Additionally, the local Patent Rules do not supersede the requirements of the Federal Rules of Civil Procedure or the plausibility standards of *Iqbal* and *Twombly*.  Pleading contributory infringement with "enough facts to state a claim to relief that is plausible on its face" does not obviate the need for initial infringement contentions under LPR 2.2 or otherwise render those contentions redundant.

---

[15] *Twombly*, 550 U.S. at 555.

[16] First Am. Compl. ¶ 6, docket no. 40.

[17] First Am. Compl. ¶¶ 27, 38, 49, 60, docket no. 40.

[18] First Am. Compl. ¶¶ 27, 38, 49, 60, docket no. 40.

[19] *Iqbal*, 556 U.S. at 678.

Finally, any dilatory discovery practices allegedly committed by the Defendants do not justify insufficient allegations in CAO's pleadings related to its contributory infringement claims. A complaint's well-pleaded allegations serve to initiate discovery related to the causes of action and facts set forth in the complaint. Discovery should not proceed on claims which are not sufficiently plead. Given the deficiencies in CAO's contributory infringement claims in its first amended complaint, dismissal under Rule 12(b)(6) is proper.

Having concluded that dismissal of CAO's contributory infringement claims is proper, the next issue is whether the dismissal should be with prejudice. The Tenth Circuit has long held that "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort."[20] "Because dismissal with prejudice defeats altogether a litigant's right to access the courts, it should be used as a weapon of last, rather than first, resort."[21] Although the facts of *Davis v. Miller* are distinguishable from this case and Defendants are not moving to dismiss CAO's *entire action* with prejudice, the analysis nevertheless still applies.

The contributory infringement claims set forth in CAO's first amended complaint are dismissed without prejudice. The court is unconvinced that future amendment of the contributory infringement claims would be futile. If CAO wishes to pursue its claims for contributory infringement, on or before January 31, 2014 it must file a second amended complaint setting forth the requisite underlying factual allegations to support such a cause of action. Should CAO fail to file a second amended complaint by that time with "enough facts to state a claim to relief [for contributory infringement of each of the various Patents] that is plausible on its face," the contributory infringement claims will be dismissed with prejudice.

---

[20] *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (citations omitted).

[21] *Id*. (internal quotations and citations omitted).

**Order**

Based on the foregoing,

IT IS ORDERED that all claims for contributory infringement asserted in CAO's first amended complaint are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that if CAO wishes to pursue any claims for contributory infringement in this case, it must file a second amended complaint which sets forth well-pleaded factual allegations supporting its contributory infringement claims on or before January 31, 2014.

IT IS FURTHER ORDERED that CAO's failure to file a second amended complaint setting forth the contributory infringement claims in compliance with the pleading requirements set forth in Fed.R.Civ.P. 8 and *Iqbal* and *Twombly* shall result in dismissal of all of CAO's contributory infringement claims with prejudice.

Signed January 10, 2014.

BY THE COURT:

_____

David Nuffer
United States District Judge