IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>SYBRON DENTAL SPECIALTIES,<br><br>KERR CORPORATION,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-01062-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This patent infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 54; 78.) Plaintiff is CAO Group. Defendants are Sybron Dental Specialties and its subsidiary Kerr Corporation. Plaintiff's amended complaint alleges that Defendants infringed the following patents that Plaintiff holds: (1) the 559 Patent, (2) the 648 Patent, (3) the 362 Patent, and (4) the 967 Patent. (Dkt. No. 40 at 2.) The Court refers to these four patents as the "relevant patents."

The Court now considers Plaintiff's motion to quash/modify subpoenas that Defendants served on the following nonparties: (1) Van Cott, Bagley, Cornwall & McCarthy, P.C. ("Van Cott"); (2) James R. Farmer, an attorney at Van Cott; and (3) John P. Ashton, also an attorney at Van Cott. (Dkt. No. 78.)

On March 27, 2014, the Court held a hearing on the motion. For the reasons discussed below, the Court **GRANTS** in part Plaintiff's motion by modifying the subpoena deadlines.

## II. FACTUAL BACKROUND ON SUBPOENAED NONPARTIES

The law firm Van Cott previously represented Plaintiff in four lawsuits to enforce the relevant patents. (Dkt. No. 82 at 4 n.4.) One of these lawsuits was entitled *CAO Group, Inc. v. SDI Ltd.* ("the SDI litigation"). (*Id.*)

Farmer previously served as Plaintiff's general counsel while simultaneously employed by Van Cott. (Dkt. No. 78 at 2 n.2.) Ashton previously served as Plaintiff's outside litigation counsel. (*Id.*) It appears that both Farmer and Ashton know about Plaintiff's applications for the relevant patents and about actions to enforce the patents such as the SDI litigation. (Dkt. No. 79 at 1.)

Van Cott also represented Plaintiff in a contract breach matter entitled *CAO Group, Inc. v. Federal-Mogul Corp.* ("the Mogul litigation"). (Dkt. No. 82 at 2.) In that matter, Plaintiff asserted that Mogul breached a supply agreement with Plaintiff. (*Id.*) The case apparently had nothing to do with the relevant patents' infringement, validity, or enforceability. (*Id.*)

Plaintiff's relationship with Van Cott broke down over the Mogul litigation. (Dkt. No. 79 at 1.) In 2011, Van Cott sued Plaintiff in a Utah state court to recover unpaid legal fees for the Mogul litigation. (*Id.*) Plaintiff filed a counterclaim for malpractice. (*Id.*) This lawsuit was entitled *Van Cott v. CAO* ("the Van Cott litigation"). (*Id.*)

## III. PROCEDURAL HISTORY REGARDING SUBPOENAS

Sometime between December 9, 2013 and December 19, 2013, Defendants served subpoenas on Van Cott, Farmer, and Ashton. (Dkt. Nos. 78-1 to 78-4.) The subpoenas ask Van Cott for

documents and deposition testimony, while they ask Farmer and Ashton only for deposition testimony. (*Id.*)

The subpoenas request the following information about the relevant patents: (1) the preparation, filing, and prosecution of the relevant patent applications; (2) any actions to enforce the relevant patents; and (3) any information related to the relevant patents' validity and/or enforceability. (Dkt. Nos. 78-1 to 78-4.) For this third category, such information includes (a) prior art disclosures from more than one year before the relevant patent filing dates, and (b) information learned in connection with the SDI litigation. (*Id.*)

## IV. PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS

Plaintiff originally moved to quash the subpoenas because they "very likely" sought privileged attorney-client communications as well as privileged work product. (Dkt. No. 78 at 3.) Defendants opposed Plaintiff's blanket privilege claim because Plaintiff failed "to set forth precise reasons" for its privilege assertion. (Dkt. No. 79 at 5.)

At the beginning of the March 27, 2014 hearing, the Court agreed with Defendants that Plaintiff could not assert a blanket privilege claim regarding the subpoenaed information. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii) (stating that a "person withholding subpoenaed information under a" privilege claim "must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that . . . will enable the parties to assess the claim.").

Later in the March 27, 2014 hearing, it appeared that Plaintiff no longer wished to make a blanket privilege claim. Instead, Plaintiff informed the Court that it would create a privilege log for the subpoenaed documents as soon as it could review the subpoenaed documents in Van Cott's possession. Based on this privilege log, Plaintiff would bring appropriate privilege objections at the subpoenaed depositions.

Therefore, Plaintiff now moves to stay the subpoena deadlines so that it may review the subpoenaed documents to create a privilege log.  Plaintiff also moves to modify the subpoenas due to their unduly burdensome nature.  Defendants oppose Plaintiff's motion because they argue Plaintiff waived any privilege in the Van Cott litigation, and Plaintiff lacks standing to assert undue burden.  (Dkt. No. 79.)

For the reasons discussed below, the Court will not address undue burden.  The Court further concludes that Defendants failed to establish that Plaintiff waived its privilege in the subpoenaed information.  The Court **GRANTS** in part Plaintiff's motion to modify the subpoenas by staying the subpoena deadlines.

**A.  Plaintiff's Standing to Claim Undue Burden**

Plaintiff has yet to review the subpoenaed documents in Van Cott's possession.  As such, at the March 27, 2014 hearing, Plaintiff conceded that it could not speak to the volume of the potentially privileged documents.  Nevertheless, Plaintiff claims it will suffer undue burden in creating a privilege log for these documents.  (*See* Dkt. No. 82 at 3-6.)  Therefore, Plaintiff moves to modify the subpoenas to narrow their scope.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("[T]he court . . . must quash or modify a subpoena that . . . subjects a person to undue burden.").

Defendants oppose Plaintiff's motion.  They argue that Plaintiff lacks standing to bring an undue burden challenge because only the nonparties subject to the subpoenas may do so.  (Dkt. No. 87 at 2-3.)

Based on the parties' arguments at the March 27, 2014 hearing, the Court concludes their main dispute right now centers on whether the subpoenaed information is substantively privileged.  The potential undue burden Plaintiff might face in the future when it reviews the subpoenaed documents to create a privilege log is an undeveloped issue.

Accordingly, the Court will not address the parties' undue burden arguments at this time. However, the Court recognizes case law suggesting that Plaintiff lacks standing to challenge the subpoenas based on undue burden. *See Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (unpublished) ("Even where a party has standing to quash a subpoena based on privilege . . . it still lacks standing to object on the basis of undue burden.") (citation omitted). *See also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427 (9th Cir. 2012) (interpreting "undue burden" language at Fed. R. Civ. P. 45(d)(1) to apply to "the burden associated with [subpoena] compliance" rather than "the burdens associated with guarding protected information.").

**B. Whether Plaintiff Waived Privilege in Van Cott Litigation**

To defend against Plaintiff's malpractice counterclaim in the Van Cott litigation, it appears Van Cott attacked the credibility of Plaintiff's president, Dr. Cao. To do this, Van Cott may have turned over documents about the SDI litigation. Moreover, Ashton may have discussed attorney-client communications about the SDI litigation during his deposition in the Van Cott litigation. (Dkt. No. 87 at 4.) It appears that Van Cott and Ashton intended these documents and testimony to prove that Dr. Cao made dishonest statements during the SDI litigation.

After Ashton's deposition, Plaintiff filed a motion in limine in the Van Cott litigation to exclude Ashton's testimony about the SDI litigation and any other evidence pertaining thereto. Plaintiff argued such evidence consisted of privileged attorney-client communications. (Dkt. No. 92-2.) Plaintiff also argued such evidence bore no relevance to its malpractice claim because the malpractice claim stemmed exclusively from the Mogul litigation. (*Id.*)

The state court held a hearing on the motion in limine. (Dkt. No. 79-3.) Thereafter, the state court issued an order denying the motion. (Dkt. No. 79-2.)

When served with the current subpoenas, counsel for Van Cott informed Plaintiff that it "believe[d] that any privilege that attache[d] to these [subpoenaed] files ha[d] been waived" by the state court in the Van Cott litigation. (Dkt. No. 79-4.) As such, Van Cott believed Plaintiff bore the "obligation to apply to the Court . . . to obtain any relief from the subpoenas . . . ." (*Id.*) In other words, Van Cott has refused to assert privilege on Plaintiff's behalf regarding the subpoeanas.

Relying on the aforementioned evidence, Defendants claim the state court concluded that Plaintiff waived its attorney-client privilege regarding the SDI litigation. (Dkt. Nos. 79 at 5; 87 at 4.)

However, this Court concludes there is insufficient evidence to show that the state court made a waiver finding about the substance of the SDI evidence and communications. At most, the transcript from the motion in limine hearing demonstrates the state court's tentative opinion about the waiver. The state court judge stated "I've got to say I think there's been a significant – a very broad waiver of the communication. So when we get to trial and if we want to go into these communications we'll talk, number one, about relevance." (Dkt. No. 79-3.)

The Court agrees with Plaintiff that this statement shows the state court intended to definitively address the waiver issue at a future trial. (Dkt. No. 82 at 3.) Along the same lines, the state court order denying Plaintiff's motion in limine provides little reasoning and no discussion about a waiver. (Dkt. No. 79-2.)

**C. Staying Subpoena Deadlines**

Plaintiff needs time to review the subpoenaed documents in Van Cott's possession to create a privilege log and to withhold any privileged information. As a result, Plaintiff moves to modify the January 2014 subpoena compliance deadlines. (Dkt. Nos. 78-1 to 78-4.) Plaintiff wants to

stay these deadlines until after Plaintiff creates the privilege log. The Court finds Plaintiff's argument on this point persuasive. According, the Court **GRANTS** in part Plaintiff's motion to modify the subpoenas by staying the subpoena deadlines as detailed below.

## V. ORDERS

For the reasons set forth above, the Court **GRANTS** in part Plaintiff's motion to modify Defendants' subpoenas on the nonparties Van Cott, Farmer, and Ashton. (Dkt. No. 78.)

By **April 17, 2014**, Van Cott must permit Plaintiff to review the subpoenaed documents in its possession so that Plaintiff may create a privilege log and withhold privileged documents.

By **May 15, 2014**, Plaintiff must provide Defendants with a privilege log for the subpoenaed documents that complies with Fed. R. Civ. P. 45(e)(2)(A)(ii).

The Court **STAYS** Van Cott, Farmer, and Ashton's deadlines to produce subpoenaed documents and to provide subpoenaed depositions. The Court **STAYS** such deadlines until after Plaintiff provides Defendants with the privilege log and withholds privileged documents.

After Plaintiff provides Defendants with the privilege log and withholds privileged documents, the parties and subpoenaed nonparties must agree to mutually convenient deadlines for Van Cott, Farmer, and Ashton to comply with the remainder of Defendants' subpoenas.

IT IS SO ORDERED.

Dated this 3rd day of April, 2014.   By the Court:

Dustin B. Pead
United States Magistrate Judge