# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CAO GROUP,**<br><br>      Plaintiff,<br><br>v.<br><br>**SYBRON DENTAL SPECIALTIES,**<br>**KERR CORPORATION,**<br><br>      Defendants. | **MEMORANDUM DECISION**<br><br>**Case No. 2:12-cv-01062-DN-DBP**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |

## I.    INTRODUCTION

This patent infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 54.) Plaintiff is CAO Group. Defendants are Sybron Dental Specialties and its subsidiary Kerr Corporation. The Court now considers Plaintiff's short form discovery motion to compel Defendants to produce electronic documents. (Dkt. No. 108.) For the reasons set forth below, the Court **DENIES** the motion.

## II.    PLAINTIFF'S MOTION TO COMPEL

On July 7, 2014, Defendants proposed an electronic document search protocol regarding their electronic documents. (Dkt. No. 108-2.) On August 4, 2014, Plaintiff accepted the search protocol and asked Defendants to implement it. (Dkt. No. 108-3.) On September 26, 2014,

Plaintiff filed the present motion to compel Defendants to produce electronic documents subject to the search protocol. (Dkt. No. 108.)

Plaintiff argues that Defendants' failure to produce the documents has delayed Plaintiff's ability to take depositions, and it "has unfairly hampered [Plaintiff's] prosecution of this case and threatens its ability to meet the current schedule set by the Court." (*Id.* at 2.)

Defendants oppose Plaintiff's motion as "unreasonable and not warranted" for several reasons. (Dkt. No. 116 at 1.) As to delays suffered by Plaintiff, Defendants assert they have "agreed to postpone depositions until after" they "produce electronic documents . . . ." (*Id.* at 3.) As such, Plaintiff will not suffer harm. (*Id.*)

Defendants also assert they have "not refused to produce the electronic documents that [Plaintiff]" seeks through its current motion. (Dkt. No. 116 at 1.) Instead, Defendants have "experienced difficulties collecting [] electronic documents" and explained these difficulties to Plaintiff. (*Id.*) Defendants expect to "receive the raw electronic documents . . . by Friday, October 10, 2014." (*Id.*) "After processing and reviewing the electronic documents," Defendants "will produce the electronic documents to [Plaintiff] by no later than November 7, 2014 or sooner if possible." (*Id.*)

After reviewing the parties' briefs and attachments, this Court concludes that Defendants have not unreasonably delayed producing electronic documents. Plaintiff only approved the electronic search protocol two months ago and Defendants have encountered difficulties collecting the documents. Despite these difficulties, Defendants agree to produce the documents by November 7, 2014. Given these circumstances, the Court concludes Plaintiff filed its motion to compel prematurely.

### III. ORDERS

For the reasons analyzed above, this Court **DENIES** Plaintiff's motion to compel. (Dkt. No. 108.)[1]

Dated this 15th day of October, 2014.	By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] If Defendants fail to produce electronic documents by November 7, 2014 as they have agreed to, Plaintiff may renew its motion to compel.